48   595
108   242

THEOPHILUS N. GLOVER v. FIRST UNIVERSALIST PARISH OF DOWAGIAC.

*Adoption of payment by substitution.*

A debtor may adopt a payment made in his behalf by some one else; and an unwritten arrangement whereby the creditor accepts the debtor's debtor may be valid if clearly made out and all concerned agree in it, and if the conditions are fulfilled by one of the parties.

Payment by substitution is matter of defence to an action for the debt, and open to reply.

Error to Cass.   Submitted June 14.   Decided June 21.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*John Wooster* and *Spafford Tryon* for appellant

*F. J. Atwell* for appellee.

CAMPBELL, J.   Plaintiff sued defendant for ministerial service, and there was apparently no dispute on the trial

except as to one item of credit of $50. One of the subscribers to make up his salary was one Chaplain, who appears to have acted as a preacher, but not over that congregation. Defendant introduced testimony on which the judge found that plaintiff had an arrangement to which the defendant was a party, whereby plaintiff agreed with Chaplain to accept his services as a preacher in payment of his dues of $50, and relieve defendant of that amount. Plaintiff claims that on the evidence there was no legal proof of such an arrangement, and no consideration for accepting Chaplain's promises as a discharge of defendant. He also disputed the truth of the claim.

There was evidence tending to show not only conversations indicating such an arrangement, had with several members of the congregation, but also that directions were given by plaintiff to the collector of the defendant, and acted on, not to collect the amount from Chaplain, because of such an arrangement. It seems to us that if this was clearly made out it would be a proper defense, whatever might be the rule had there been no more than an executory agreement with Chaplain. Payment made on behalf of a party by some one else may be adopted by the debtor, and an arrangement to accept the debtor's debtor may be valid if clearly made out, and if all agree this need not necessarily be in writing. But an unfulfilled verbal agreement with which the original debtor has in no way become consenting or cognizant, could hardly be a discharge of the principal. The testimony is not for us to pass on, and we make no remark on it, because it was clearly error not to allow plaintiff to rebut it. The payment by substitution was matter of defence and open to reply. The finding of the court as well as some of the testimony for the defence covered some ground on which rebutting evidence was shut out. The facts ought to have been left open to full inquiry and explanation.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.