LOUIS GROSSLIGHT v. GEORGE B. CRISUP.

*Garnishment proceeding pleaded in abatement—Rule 106.*

1. Garnishment proceedings may be pleaded in abatement of an action afterwards brought by the principal defendant against the garnishee. They are not an absolute bar, however, unless judgment has been obtained against the garnishee in the principal suit.

2 Where defendant in a pending action is garnished in a suit brought by a third person against the plaintiff, he should as soon as possible plead the garnishment proceeding in abatement of the first suit, and he can do so at any stage before judgment therein. This can only be done by filing notice of the proceeding as a special defense under Circuit Court Rule 106, or by plea puis darrein.

3. A plea puis darrein continuance is either in abatement or in bar ; and when such a plea interposes the special defense that defendant has been garnished as plaintiff's debtor since the beginning of suit, it is a plea in abatement.

Error to Wayne. (Chambers, J.) Nov. 11.—Nov. 19.

Garnishment proceeding. The garnishee brings error. Reversed.

*W. B. Jackson* for appellant. Garnishment proceedings can be pleaded in abatement of a suit for the debt against the garnishee. *Near v. Mitchell* 23 Mich. 382.

*John G. Hawley* for appellee.

CHAMPLIN, J. This case was begun in justice's court to recover the sum of $200. The defense was a set-off "on a judgment recovered by the defendant against plaintiff before Justice of the Peace Schweikart, for three hundred dollars." Plaintiff had judgment before the justice, and defendant appealed. On December 9, 1884, the case being on the docket of the circuit, and about to be called for trial, one Thomas R. Crisup began a suit against Grosslight, the plaintiff, and garnished George B. Crisup, the defendant in this cause. On December 10th, the day of the trial, but before the trial began, a plea of the general issue, with a notice of these pro-

ceedings, was filed under Rule 106 of the circuit court. The plaintiff's attorney did not ask for a continuance. On the trial the plaintiff proved that defendant owed him $200, and the defendant admitted the indebtedness, but claimed that the garnishment proceedings constituted a defense to the action. The court admitted evidence of the garnishment proceedings, but held they were no defense to the action, and directed a verdict for the plaintiff.

The question raised by the record is whether the pendency of the suit in the same court in an action on behalf of the principal defendant against the garnishee precludes the garnishee from being charged as such upon a suit subsequently brought. The statute authorizing proceedings against garnishees in courts of record enacts that from the time of the service of the writ the garnishee shall be deemed liable to the plaintiff to the amount of property, money, goods, chattels and effects in his control, belonging to the principal defendant, or of any debts due or to become due from such garnishee to the principal defendant, or of any judgment or decree in favor of the latter against the former, etc.

It is a universally acknowledged principle that the law of garnishment should not have such a construction placed upon it as to make the garnishee twice liable to the payment of the same debt. Consequently, if he is sued by the principal debtor after the commencement of garnishee proceedings against him, he may plead the pendency of such proceedings in abatement of such suit. The garnishee proceedings, however, are not an absolute bar to an action by the principal defendant until a judgment is obtained against the garnishee in the principal suit. When the garnishee suit is subsequent in point of time to that of the principal defendant for the recovery of the debt, and before judgment, it is plain to be seen that the garnishee will be twice made liable for the debt, unless he can bring these proceedings before the court by plea in abatement; and to prevent such consequences it is his duty to do so at any stage in the progress of the first suit, before judgment, and at the first opportunity. It can only be done by a plea puis darrein continuance, or by

notice authorized by Rule 106. Such pleas are either in abatement or in bar. Gould's Pl. ch. vi, § 124. In this case the facts set up in the notice constituted a plea in abatement, and, as proved upon the trial, entitled him to a judgment abating the suit.

The plaintiff, claims that great inconvenience would arise, as well as delay in the prosecution of the suit, by permitting a plea in abatement at this stage of the proceedings. But the statute has made provision by which such delay may be avoided and the suit proceed by the plaintiff's availing himself of § 8105, and filing the bond therein provided for, and thus secure a discontinuance of the garnishee proceedings.

The judgment of the circuit court is reversed, and a new trial ordered. The plaintiff in error will recover costs in this Court, and the costs of the court below will abide the event of the re-trial.

The other Justices concurred.