|    |     |
|----|-----|
| 82 | 251 |
| 104 | 28 |
| 82 | 251 |
| 118 | 354 |

CALVIN C. BURT v. CORNELIUS J. REILLY, CIRCUIT JUDGE OF WAYNE COUNTY.

*Pleading—Garnishment—Mandamus—Abuse of process.*

1. Just prior to commencing the trial of a suit upon a promissory note in the circuit court, plaintiff was sued in the same court, and defendant was summoned as garnishee. Defendant thereupon gave notice, under circuit court rule No. 106, of the garnishment proceedings, and plaintiff filed a replication setting up that any judgment he might recover had been assigned, of which fact the defendant had notice, and that any further interest in such judgment was subject, after its rendition, to the claim of his attorneys for services. Defendant demurred, and the court quashed the replication, and made an order that unless plaintiff filed a bond under How. Stat. § 8105, to protect the defendant as garnishee, all further proceedings in the case should be stayed to await the determination of the issue in the garnishee suit, which action is sustained under the decision in *Grosslight v. Crisup*, 58 Mich. 531.

2. And it is further held that the *new* matter was properly brought before the court by notice, duly verified, under circuit court rule No. 106, to which the replication was not a sufficient answer, as, if the plaintiff was not the real owner of the note sued on, he could show such fact in the garnishee suit under the statute.

3. It is always possible that process of courts may be abused, and legal proceedings may be instituted for delay and annoyance;

but such issues cannot be tried by *mandamus*, nor will it be assumed that such is the object of parties litigating upon the assertion of a petitioner for that writ, who, if his claim is true, has an ample and legal remedy; the existence of which renders proceedings by *mandamus* inappropriate.

*Mandamus.* Submitted July 1, 1890. Denied August 1, 1890.

Relator applied for *mandamus* to vacate an order staying proceedings in a suit pending the determination of the issue in a garnishee suit. The facts are stated in the opinion.

*C. C. Burt,* in *pro. per.,* and *John Galloway,* for relator.

*George X. M. Collier* and *W. E. Walsh,* for respondent.

CHAMPLIN, C. J. This is a petition for a *mandamus,* in which relator states that he brought suit on November 27, 1889, against Overton L. Kinney, upon a promissory note, and that defendant appeared and pleaded the general issue, and gave notice of offset.

That on May 15, 1890, the cause was reached for trial before the court without a jury, and just before entering upon the trial relator was served with a writ of summons, issued from the circuit court on May 14, 1890, and at the same time was served with notice of special defense to his suit against Kinney. The summons was issued at the suit of George T. Abrey in a plea of debt, and claimed $1,000 damages. The notice of special defense consisted of a notice that defendant had been garnished by Abrey in his suit against Burt, and attached thereto was a copy of the writ of garnishment, and of the affidavit upon which it issued. Burt insisted upon proceeding with the trial, and Kinney objected unless the plaintiff would file the bond provided for by How. Stat. § 8105. The court sustained the

objection, and directed that a bond be filed in the penal sum of $300, and held the case over until the following morning.

That on May 16 the plaintiff, Burt, still refused to file a bond, and insisted upon proceeding with the trial. He also filed a replication to the special notice interposed in abatement. In this replication he set up that any judgment which he should recover against Kinney on the merits had been assigned, of which defendant had notice, and that any further interest therein was subject, after rendition thereof, to the claim of said plaintiff's attorneys for services; and also that the defendant as garnishee had not any liability to the plaintiff in the suit. To this replication Kinney demurred. The court after argument sustained the demurrer, and quashed the replication, giving Burt leave to file an amended replication in 10 days on paying $10 costs. The plaintiff, Burt, did not avail himself of the leave granted, but moved the court to proceed to the trial of the cause on June 5. On June 6 the court overruled the motion on the ground that no bond had been filed; and on the same day an order *nisi* was entered *nunc pro tunc*, as of May 16, that unless Burt file a bond to protect the defendant, Overton L. Kinney, as such garnishee (there having been another garnishee suit brought in the mean time), as permitted by the statute, the cause be stayed to await the determination of the issue in such garnishee suits.

That afterwards the relator filed a motion to set aside the writs of summons served upon him, on the ground that they were not made returnable on any day in term, or on the first Tuesday of any month in term, or on the first day of the term, as provided for by circuit court rule No. 13, and Act No. 17, Laws of 1885; that the first day of the next term was June 17, 1890. The

motion came on to be heard, and was on June 18 denied, with costs.

That on June 9, 1890, relator was served with another writ of summons at the suit of the said George T. Abrey, tested on June 7, and another writ of garnishment directed to Overton L. Kinney, the said Abrey claiming that he had discontinued his first suit; but relator asserts that neither he nor his attorney has had any notice of such discontinuance, nor do the records show that one has been entered. Relator further states that on June 16 notice was served upon his attorneys of the commencement of the garnishee suit against him by Abrey as a special matter of defense.

In conclusion, the relator claims that each and all of the said suits commenced against him are groundless, and the special matters set up and pleaded are nullities, and such suits were personally instituted by Kinney "merely for the purpose of hindering and delaying your petitioner in the prosecution of his suit, as he is credibly informed and believes," and he prays that the circuit judge be directed to suspend all such suits, and set aside the aforesaid orders, and proceed with the trial of his suit.

The circuit judge has answered, stating that he made the orders complained of in pursuance of the decision of this Court in the case of *Grosslight v. Crisup,* 58 Mich. 531 (25 N. W. Rep. 505.) We are unable to discover any distinction between this case and that referred to by the learned circuit judge, and he was right in applying the decision of that case to this.

The matter which was interposed as *puis darrein* was properly brought before the court by notice, duly verified, under rule No. 106.

The replication was not a sufficient answer. If Burt was not the real owner and holder of the note he could

show that fact in the garnishee suit. The statute provides for such cases.

It is always possible that process of courts may be abused, and legal proceedings may be instituted for delay and annoyance, but we cannot try such issues by *mandamus*, or assume that such is the object or purpose of parties litigating upon the assertion of . a petitioner for *mandamus*. If true, he has an ample and legal remedy, and when such remedy exists the remedy by *mandamus* is inappropriate.

The application must be denied.

The other Justices concurred.