## DEAN v. ELLIS.

1. STATUTE OF FRAUDS—PROMISE TO PAY DEBT OF ANOTHER.
   A verbal promise made by the purchaser of a stock of goods to a creditor of the vendor to pay the latter's indebtedness is void under the statute of frauds.

2. NOVATION—WHAT CONSTITUTES.
   The assent of the original debtor is necessary to create a novation.

Error to Livingston; Dodds, J., presiding. Submitted January 8, 1896. Decided January 28, 1896.

*Assumpsit* by Sedgwick Dean and another against Alva P. Ellis to recover a balance due upon an account for goods sold. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Affirmed.

*John Cummiskey* and *Claude A. Brayton*, for appellants.

*Dennis Shields* and *Francis J. Shields*, for appellee.

GRANT, J. In the spring of 1891, one H. W. Ellis opened a small retail grocery store in Livingston county, and purchased of the plaintiffs a bill of groceries. On August 20th, Mr. Ellis took one Hoysington into partnership with him, the firm name being Ellis & Hoysington. On the 1st of October of the same year, defendant bought out this firm, and carried on the business. Plaintiffs sold goods to Ellis & Hoysington. At the time defendant purchased, both H. W. Ellis and Ellis & Hoysington were in debt to the plaintiffs. On October 12, 1891, one of the plaintiffs went to the defendant's store, and presented an account as follows:

" ELLIS & HOYSINGTON,
        " In account with Dean & Co.
" October 9. To amount of statement this date ____ $82.04."

Mr. Dean testified that defendant then said that he had bought out Ellis & Hoysington; that he asked him about the account they owed Dean & Co., to which defendant replied, " I will assume that account." Defendant then paid him $26.32, which was credited on Ellis & Hoysington's account. He afterwards made two other payments, of $10 each, on November 9th and December 7th. There was nothing upon the face of the account to show that it included plaintiffs' claim against H. W. Ellis, nor was it mentioned in the conversation. In fact, defendant assumed in his purchase the debts of the firm of Ellis & Hoysington, but did not assume the debt of H. W. Ellis. Plaintiffs made no change upon their books on these accounts, did not notify H. W. Ellis that he was released, and there was nothing on their books to indicate any release. Mr. Ellis did not know that the plaintiffs claimed that the defendant had promised to pay his debt, nor did Ellis at any time have any knowledge of such claim. Defendant denied any promise to pay it.

Under these facts, the court properly directed a verdict for the defendant. There was no evidence of a novation. To constitute a novation, the assent of the three parties

108 MICH.—16.

was necessary. There can be no novation to which the original debtor does not consent, and to which he is not a party. *Glover* v. *First Univ. Parish*, 48 Mich. 595. Under plaintiffs' own version of the arrangement, the defendant did no more than to promise to pay the debt of another, which, not being in writing, is invalid, under the statute of frauds. *Gower* v. *Stuart*, 40 Mich. 747.

The judgment is affirmed.

The other Justices concurred.