FULLER & RICE LUMBER & MANUFACTURING CO. *v.* HOUSEMAN.

117    553
138    ¹518

1. NOVATION—ESSENTIALS.
   To constitute a novation, there must be a mutual understanding that the debtor shall be discharged, and the new party alone held responsible for the debt.

2. PROMISE TO PAY—WHAT CONSTITUTES.
   A threat to sue if a lien is placed upon one's property, accompanied by a statement that the claimant will get his pay, though it may take some time, does not amount to a promise of payment.

Error to Kent; Adsit, J. Submitted June 10, 1898. Decided July 12, 1898.

*Assumpsit* by the Fuller & Rice Lumber & Manufacturing Company against Joseph Houseman and another for goods sold and delivered. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Edwin F. Sweet* and *William H. Eastman*, for appellant.

*L. G. Rutherford* and *Joseph Renihan*, for appellees.

GRANT, C. J. When this case was here before, it was reversed, and a new trial ordered. 114 Mich. 275. On

the former trial, it was submitted upon the theory of an original promise; on the second trial, upon the theory of a novation. We find no substantial difference between the testimony upon the former trial and the testimony and offers of proof upon the second. Mr. Torrey, the agent for the plaintiff, who was alone conversant with the facts, testified substantially the same as before. It is evident that there was no mutual understanding between defendants and Schuiling & Kuipers, the contractors, that the latter were to be discharged, and defendants alone should be responsible for the debt.

Counsel for plaintiff claim that it forbore to put a lien upon defendants' property, and that this furnished a valid consideration for the promise. Mr. Torrey testified that he told defendant that the time for enforcing a lien was about to expire, and that defendant replied:

"If you put a lien on that property, I will sue you. Nobody ever furnished any material for any of my property, or ever will, that they have not got their pay for, and you will get your pay, though it may take some time, as I may have to sell the houses first."

This language did not take the case out of the statute of frauds. It was not a promise to pay, nor does it appear that plaintiff relied upon it as a promise, and for that reason forbore its lien.

The judgment is affirmed.

The other Justices concurred.