HARRIS *v.* CHAMBERLAIN.

1. CONTRACTS—CONSIDERATION—APPOINTMENT TO OFFICE—PUBLIC POLICY.

A contract in consideration that plaintiff secure defendant's appointment as postmaster is void, as against public policy.

2. SAME—ORAL ASSIGNMENT.

An oral assignment of a claim for goods sold and delivered is valid.

3. SAME—PLEADING—AMENDMENT OF DECLARATION.

In an action by the assignee of a claim for goods sold and delivered, the court may permit an amendment of the declaration for the purpose of correcting an insufficient averment of the assignment.

4. SAME—DEFENSES—GARNISHMENT.

Where the defendant in an action for goods sold and delivered sets up in defense the payment of the price in garnishment proceedings, it is competent to show that he retains control of the money alleged to have been so paid.

Error to Antrim; Mayne, J. Submitted February 1, 1901. Decided April 16, 1901.

*Assumpsit* by Thomas G. Harris against Cyrenus Chamberlain to recover the purchase price of a stock of goods. From a judgment for plaintiff, defendant brings error. Reversed.

*Nelson C. Weter*, for appellant.

*M. W. Newkirk*, for appellee.

HOOKER, J.  Clarence L. Harris, being owner of a stock of goods at Eastport, Mich., and also postmaster at that place, sold and delivered them to the defendant according to the terms of a writing signed by the parties, a copy of which was served with the declaration in the case.  The writing and indorsements upon the same are as follows, viz. :

"EASTPORT, MICH., March 22, 1898.
"An agreement between C. L. Harris and C. Chamberlain.  Furthermore, C. L. Harris does agree to sell to C. Chamberlain all fixtures below named for the sum of $135.00.  Furthermore, all salable goods in the store at the cost price, less the freight.
"C. Chamberlain does agree to pay C. L. Harris $200, or as much more as he can; the remainder to be paid on or before one year from date.  This money is to be paid as soon as C. L. Harris gets the post-office for C. Chamberlain.
"Safe, large scales, two counters, stove and fixtures, 1 desk, 1 counter, shelving, three show-cases, 8 lamps, post-office and fixtures, telephone, 3 fork racks, cash drawer, bolt bin, little desk, looking-glass, whip rack, 9 spit boxes, stovepipe, hammer, wrench, screw-driver, nail-puller, oil faucets, 2 twine holders, snow-shovel, tobacco poor box, 6 oil-tank measures and funnels, 8 glass cans and jars, all wood, tobacco cutter, inkstand.
"C. L. HARRIS.
"C. CHAMBERLAIN."

And on which instrument are the following indorsements :

"EASTPORT, MICH., March 28.
"Received of C. Chamberlain one hundred dollars on the within contract.
[Signed]  "C. L. HARRIS."

"Fixtures as above agreed upon, $135.00; inventory of stock of goods as per contract, $552.42; total amount of fixtures and goods as per contract, $687.42.
[Signed]  "C. L. HARRIS.
"C. CHAMBERLAIN."

"Eastport, Mich., July 14, 1898.
"Received on the within contract one hundred dollars.
"C. L. Harris."

An action of *assumpsit* was brought by the plaintiff (he being the father of Clarence L. Harris) to recover the amount alleged to be due upon said sale and for one or two other small items. His declaration alleges that, previous to the commencement of suit, he became the assignee of a writing made between Clarence L. Harris and the defendant, a copy of which was stated to be attached to the declaration, and of an account due from defendant to C. L. Harris. Then followed the usual common counts and a copy of the writing. A plea of the general issue was filed, accompanied by a notice that prior to the commencement of the action the defendant had no notice of the assignment, and that he had been released and discharged from the obligation of said writing, by a justice of the peace named, in several garnishment proceedings therein enumerated and set forth. A bill of particulars was filed, setting up the various items sold, and their respective values. A trial was had before a jury, who rendered a verdict for the plaintiff, and defendant has brought error.

Objections made to the introduction of evidence raised the following two questions early in the proceedings, viz.: *First*, that the declaration should have been special, and that the common counts were not appropriate to the case; *second*, that the assignment was not alleged. It was also urged that the contract was opposed to public policy, and void, because it attempted to dispose of a public office, which it was claimed the testimony of the plaintiff's witness showed was the main inducement for the purchase.

A reasonable interpretation of this contract would be that $200 should be paid at all events as soon as C. L. Harris should cause the defendant to be appointed postmaster, and the remainder within the year. Obviously it was expected that such appointment would be made be-

fore the expiration of the year, and it is plainly implied that it was part of the arrangement that Harris should procure such appointment. Moreover, the testimony of both parties to the contract shows that it was so agreed, and the appointment was procured. We have no doubt that this arrangement was made in the supposition that it was not unlawful, but the authorities are uniform that it was illegal and made the contract wholly void. See 15 Am. & Eng. Enc. Law (2d Ed.), 967; *Snyder* v. *Willey,* 33 Mich. 483; *Lyon* v. *Waldo,* 36 Mich. 353; *Mutual Benefit Ass'n* v. *Hoyt,* 46 Mich. 478 (9 N. W. 497). Therefore the verdict cannot be sustained.

The contract being void, the title to the goods did not pass under it. Whether a recovery for their value may be had under the common counts, we do not determine, as the subject is not fully discussed by counsel in their briefs.

We have no doubt that an oral assignment of the claim for these goods would be valid, if it can be said that an implied contract exists to pay for them, and that, if the allegation of assignment is insufficient, it is within the power of the court to permit an amendment.

We think it was competent to show that the money alleged to have been paid over in the garnishment proceedings was still within defendant's control, if such was the fact.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.