## McDONALD *v.* BORN.

MORTGAGES—ILLEGAL CONSIDERATION—HOUSE OF ILL FAME.
  A mortgage purporting on its face to be given to secure the repayment of money on certain conditions therein expressed is void where the money was in reality paid to the mortgagor to enable the mortgagee to conduct a house of ill fame.

Appeal from Houghton; Streeter, J.  Submitted October 8, 1903.  (Docket No. 90.)  Decided December 22, 1903.

Bill by Frankie A. McDonald against Louis Born to foreclose a mortgage.  From a decree dismissing the bill, complainant appeals.  Affirmed.

135 MICH.—12.

*John Power*, for complainant.

*Joseph F. Hambitzer*, for defendant.

MOORE, J.   This is a proceeding in chancery to foreclose a mortgage.   From a decree dismissing the bill for want of equity, the complainant has brought the case here by appeal.   The mortgage was dated May 31, 1899, and provided for the payment by the defendant of $280, or any further sums paid under an agreement of the same date.   The material parts of the agreement are as follows:

" *Whereas*, in a certain cause pending in the circuit court for the county of Houghton and State of Michigan, in chancery, in which Frankie McDonald is complainant and Louis Born is defendant, a stipulation has this day been entered into by the solicitors for the respective parties thereto, by and with the consent of the parties, extending the time for perfecting and completing an appeal of said cause to the Supreme Court for the State of Michigan, and permitting and allowing said Frankie McDonald to appeal said cause to said Supreme Court; and

" *Whereas*, in consideration of said Born's permitting said Frankie McDonald to so appeal said cause to the Supreme Court of the State of Michigan, she, the said Frankie McDonald, has paid the said Louis Born the sum of two hundred and eighty dollars, being rent due for said premises from the 18th day of April, A. D. 1898, to the 18th day of June, A. D. 1899, under the decree already made in said cause, and agrees to pay twenty dollars a month in advance as rent for said premises during the pendency of said above-entitled cause, upon condition that said Louis Born shall, in the event of said cause being ultimately determined against him and a decree entered in favor of said Frankie McDonald, repay and refund to said Frankie McDonald said sum of two hundred and eighty dollars, and all further sums which said Frankie McDonald may pay said Louis Born for rent of said premises, to secure the payment of which said Louis Born has this day executed a mortgage to said Frankie McDonald," etc.:

" Now, therefore, the said Louis Born hereby agrees that, should said cause be decided adversely to him and in favor of the said complainant, Frankie McDonald, he, the said Louis Born, will pay the said Frankie McDonald the said sum of two hundred and eighty dollars by her to him

this day paid, and all other and further sums paid by said Frankie McDonald as rent of said premises during the pendency of this suit, within thirty days after notice to him of a final decree therein in favor of said Frankie McDonald, which payment is secured by a mortgage this day executed by said Louis Born to said Frankie McDonald on the south seventy feet of lot seven of block one of the village of Houghton, Houghton county, Michigan, according to the recorded plat thereof; and the said Frankie McDonald hereby agrees that she will, from and after the 18th day of June, A. D. 1899, pay the said Louis Born the sum of twenty dollars per month, in advance, as rent of the premises involved in said cause during the pendency thereof, and that, if said cause be decided adversely to her, the said Frankie McDonald, she will deliver up possession of the premises involved in said cause within fifteen days after notice to her of the entering of a decree therein in favor of the said Louis Born."

It is the claim of complainant that the mortgage and the written agreement contain all of the agreement made between the parties, and that she made payments under said agreement aggregating $980; that the title was found to be in her ultimately, and that she should have a decree for that amount and interest. The record discloses that, some years before the mortgage was made, the complainant had been a tenant of defendant. Some time after her occupancy began, she claimed she had a land contract for the purchase of the north 30 feet of the land described in the mortgage, and began proceedings to enforce her contract. The defendant claimed the contract was procured from him when he was drunk, and without consideration, and the court so found upon the trial; that he then took proceedings to oust the complainant; that she was keeping a house of ill fame upon the premises; that she agreed, if he would not disturb her, she would pay him $20 a month, and, if the Supreme Court decided in his favor, that should cancel the mortgage, and she would deliver possession to him; and that this was the purpose of making the mortgage and the agreement. He further claimed the Supreme Court did decide in his favor, and the complain-

ant then told him her attorney would cancel the mortgage, and he took proceedings to get possession of the premises, when the complainant agreed with him, if he would not disturb her possession or her business, she would pay him $50 a month, and that she did so from the time the opinion in this court was rendered up to the 18th of December, 1900. He claims that during all that time the house was used as a house of ill fame; that the transaction was an illegal one, and the courts will leave the parties where they have left themselves.

Counsel for complainant states his claim as follows:

" Where it is claimed that a contract is tainted with illegality and is opposed to public policy by reason of elements entering into it or connected with it which, under some circumstances, would render the contract obnoxious to the law relating to public policy, the test to determine its validity is the plaintiff's ability to establish his case without any aid from an illegal transaction. In determining whether a new contract is so connected with an illegal contract or transaction as to render it also illegal, the test has been announced to be whether the plaintiff, in establishing his case, is or is not required to resort to the illegal contract. In the former case the contract is held to be illegal; in the latter it is held to be legal."

One of the troubles of this contention is that a preponderance of the testimony upon the question of fact sustains the version of the defendant. The written contract is somewhat ambiguous as to what the effect of the opinion of this court should be in relation to the repayment of the $20 and the delivery of the possession of the premises by the complainant to the defendant. We have already given the defendant's version of the transaction. It is a significant fact that complainant was not a witness. A reference to the case of *McDonald* v. *Born*, 121 Mich. 595 (80 N. W. 575), will show the case was decided in this court October 24, 1899.[1] The record shows that in March following complainant paid $100 to defendant, and took a

---

[1] The present suit is based upon the fact that subsequently, on bill of review, complainant was granted a decree of specific performance.

receipt reciting it was for rent from March 18th to May 18th. On May 18, 1900, she paid. $300, taking a receipt, in which it was stated it was rent to November 18, 1900. November 22d she paid $50, taking a receipt stating it was for rent from November 18 to December 18, 1900. The record also shows that between June 27, 1898, and December 3, 1900, complainant was convicted at least 16 times on her plea of guilty of keeping a bawdy house, and was living in the house defendant claimed to be his, for which she paid the above sums as rent. It is impossible to read the record and reach any other conclusion than that this money was paid to enable complainant to conduct an illegal business. Under such circumstances the courts will leave the parties where their acts have left them. *Snyder* v. *Willey*, 33 Mich., at page 495, and the many cases there cited; *Lyon* v. *Waldo*, 36 Mich. 345; *McNamara* v. *Gargett*, 68 Mich. 454 (36 N. W. 218, 13 Am. St. Rep. 355); *Robinson* v. *Patterson*, 71 Mich. 141 (39 N. W. 21); *Case* v. *Smith*, 107 Mich. 416 (65 N. W. 279, 31 L. R. A. 282, 61 Am. St. Rep. 341); *Harris* v. *Chamberlain*, 126 Mich. 280 (85 N. W. 728); 15 Am. & Eng. Enc. Law (2d Ed.), pp. 992–997.

The decree is affirmed, with costs.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.