In re RANSFORD.

In re J. W. FLEMING CO.

(Circuit Court of Appeals, Sixth Circuit. March 13, 1912.)

No. 2,147.

1. LIENS (§ 1*)—DEFINITION.
    In the strict legal sense, a "lien" is a right in one person to detain that which is in his possession belonging to another until certain demands of such person in possession are satisfied.
    [Ed. Note.—For other cases, see Liens, Cent. Dig. §§ 1, 4, 23; Dec. Dig. § 1.*
    For other definitions, see Words and Phrases, vol. 5, pp. 4144–4153; vol. 8, p. 7707.]

2. ATTACHMENT (§ 177*)—EFFECT OF LEVY—CREATION OF LIEN.
    In the strict legal sense, an attachment on mesne process does not constitute a lien, but the charge or incumbrance created by seizing property

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

under an attachment to await the result of a suit is denominated a lien, and such is its usual designation.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 524–527; Dec. Dig. § 177.*]

3. BANKRUPTCY (§ 200*)—LIENS—GARNISHEE JUDGMENT.

Under Bankruptcy Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), which provides that all levies, judgments, attachments, or other liens, obtained through legal proceedings against an insolvent within four months of the filing of a petition in bankruptcy, shall be void in case he is adjudged a bankrupt, a lien acquired by a judgment against a bank, as garnishee, for the amount of funds which the principal defendant had on deposit, was voided by the institution within four months of bankruptcy proceedings against him, and the property passed to his trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 289, 296–300, 306–316; Dec. Dig. § 200.*]

4. NOVATION (§ 1*)—DEFINITION.

"Novation" is defined to be the substitution by mutual agreement of one debtor or of one creditor for another, whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one, which is thereby extinguished.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 1; Dec. Dig. § 1;* Payment, Cent. Dig. § 20.

For other definitions, see Words and Phrases, vol. 5, pp. 4848–4851; vol. 8, p. 7733.]

5. NOVATION (§ 1*)—REQUISITES.

The requisites of a novation are (1) a valid prior obligation to be displaced, (2) the consent of all the parties to the substitution, (3) a sufficient consideration, (4) the extinction of the old obligation, and (5) the creation of a valid new one.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 1; Dec. Dig. § 1;* Payment, Cent. Dig. § 20.]

6. BANKRUPTCY (§ 188*)—LIENS—GARNISHEE JUDGMENT—NOVATION.

Under Comp. Laws Mich. § 10,635, which provides that a judgment against a garnishee shall discharge him from all demands by the principal defendant for all money or property paid or delivered by force of the judgment, a judgment against a bank, as garnishee, for the amount of funds which the principal defendant had on deposit, did not amount to a novation, so as to entitle the plaintiff to such funds as against the principal defendant's trustee in bankruptcy; the adjudication having occurred within four months.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–295; Dec. Dig. § 188.*]

7. BANKRUPTCY (§ 217*)—SUMMARY PROCEEDINGS—GARNISHEE JUDGMENT—ENJOINING COLLECTION.

The District Court has jurisdiction to enjoin in a summary proceeding the collection of a garnishee judgment; the principal defendant having been adjudicated a bankrupt within four months.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 323, 330, 340; Dec. Dig. § 217.*]

Petition to Review Order of the District Court of the United States for the Western District of Michigan.

In the matter of J. W. Fleming Company, bankrupt. On petition of Thomas Ransford to review an order of the District Court enjoining the collection of a garnishee judgment. Order affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Alex. Sutherland (C. J. Chaddock, on the brief), for petitioner.
Richard C. Goodspeed, for respondent.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SATER, District Judge.

SATER, District Judge. The petitioner seeks a review of an order made by the District Court in a bankruptcy proceeding enjoining him from the collection of his garnishee judgment.

Ransford sued the Fleming Company, a Michigan corporation, in the state court, on its indebtedness to him, and at the same time garnished the National Lumberman's Bank of Muskegon, Mich. (hereinafter called the bank), in which the Fleming Company had deposited its funds. Judgment was rendered in his favor on October 22, 1910, against the principal defendant for $568.85, and two days later he obtained judgment against the bank, as garnishee, for the same amount. He thereupon caused an execution to issue against the bank. Before any action was taken thereon and within four months of the time Ransford brought his action against the Fleming Company, an involuntary petition in bankruptcy was filed against such company in the District Court of the Western District of Michigan, and at or about the same time Ransford was restrained from proceeding further against the bank. On a final hearing, the District Court adjudged that the right to the possession of the funds in the bank passed to the bankrupt's estate on the adjudication of bankruptcy, and that the trustee was authorized and directed to collect the same. Ransford was at the same time enjoined from further prosecution of his garnishment proceedings. He then brought the case here for review.

The petitioner's insistence is that by virtue of his judgment against the bank he was substituted for the principal defendant as its creditor to the amount of his judgment against it, in the place and to the exclusion of the Fleming Company, and remitted solely to the bank for the satisfaction of his claim—in short, that the garnishee judgment resulted in a novation. He bases this contention on the rule announced in Neely v. Rood, 54 Mich. 134, 19 N. W. 920, 52 Am. Rep. 802, that, "where money is deposited in a bank, it becomes the money of the bank, and the bank is then the depositor's debtor for its amount," and on the provisions of the Michigan statute which authorize personal judgment against the garnishee, if his disclosure shows an indebtedness from him to the principal defendant, whereas, if his disclosure reveals goods and chattels belonging to the principal defendant, the creditor, broadly stated, must exhaust such property and not that of the garnishee, to satisfy his debt, unless the garnishee refuses to deliver the defendant's property as required by statute. His position is necessarily untenable, if, as was held by the trial judge, garnishment of and judgment against the bank created only a qualified lien in his favor on the debt owing by it to the Fleming Company to an extent sufficient to satisfy his judgment.

[1, 2] We concur in the conclusion reached by the court below. In the strict legal sense, a lien is a right in one person to detain that which is in his possession belonging to another, until certain demands

of such person so in possession are satisfied. Jones on Liens, § 3. In that sense, an attachment on mesne process does not constitute a lien (Jones on Liens, § 12), but the charge or incumbrance created by seizing property under an attachment to await the result of a suit is denominated a lien (Peck v. Jenness, 7 How. 612, 622, 12 L. Ed. 841), and such is its usual designation (Drake on Attachments, § 532 [7th Ed.]; 20 Cyc. 1058; Jones on Liens, § 2; 14 Am. & Eng. Law, 867).

[3] Subdivision "c" of section 67 of the Bankruptcy Act, however, includes an attachment upon mesne process among liens created by or obtained in or pursuant to any suit or proceedings at law or in equity. Subdivision "f" provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt."

An attachment is thus specifically designated as a lien.

Garnishment process accomplishes in effect the same result as an attachment. In Bethel v. Judge of Superior Court of Detroit, 57 Mich. 379, 24 N. W. 112, it was held that garnishment process is in the nature of an equitable attachment of assets belonging to the principal defendant, but held by a third person, the purpose of which process is to apply such assets in the discharge of the defendant's debt. The phrase "legal proceedings," occurring in subdivision "f," applies to proceedings in garnishment and includes any proceeding in a court of justice by which a party pursues a remedy which the law affords him, and the charge or incumbrance created by garnishment proceedings is one of the "other liens" mentioned in such subdivision, and such it has been held to be. Re McCartney (D. C.) 109 Fed. 621; Re Beals (D. C.) 116 Fed. 530; Bank of Commerce v. Elliott, 109 Wis. 648, 85 N. W. 417; Klipstein & Co. v. Allen-Miles Co., 136 Fed. 385, 69 C. C. A. 229 (C. C. A. 5); Loveland on Bank. (3d Ed.) 545. Garnishment does not create a lien upon effects or credits in the same sense that attachment by direct seizure creates a lien upon property, but it does create a lien of such a character that, so long as it continues and the garnishee seeks to preserve his own rights, he cannot pay to the principal defendant, nor can the principal defendant collect his debt from him. The inchoate lien created by it takes effect from the time of service and can be perfected only by judgment, on the rendition of which the garnishee becomes a judgment debtor of the creditor; but the lien is not absolute, but a qualified one, which might at any time be divested by the payment of the judgment by the debtor or by any one acting in his interest. As between the judgment creditor and the bank, while the judgment against the latter remained in force, the indebtedness from the bank could not be appropriated to the payment of the Fleming Company's debts as against the rights of the judgment creditor, but it had not absolutely become his property. The sheriff had been commanded to enforce payment of sufficient of the indebtedness to satisfy the petitioner's judgment; but the time within which that was to be done had not elapsed, and the execution was still in his hands unexecuted. The rights of the petitioner were still subject to interception. The case thus falls within the rule

announced in Clarke v. Larremore, 188 U. S. 486, 23 Sup. Ct. 363, 47 L. Ed. 555. Under section 67f of the Bankruptcy Act, the lien acquired by the petitioner was voided and wholly discharged by the institution of the bankruptcy proceedings, and the property passed to the trustee in bankruptcy as a part of the bankrupt's estate.

[4] Aside from the fact that the operation of the garnishee judgment as a qualified lien precludes the existence of a novation, there is another aspect of the case which overthrows the petitioner's contention in this respect. "Novation" is defined to be:

"The substitution by mutual agreement of one debtor or of one creditor for another, whereby the old debt is extinguished, or the substitution of a new debt or obligation for an existing one, which is thereby extinguished." 29 Cyc. 1130; Guichard v. Brande, 57 Wis. 534, 15 N. W. 764; Fuller & Rice Lumber Co. v. Houseman, 117 Mich. 553, 76 N. W. 77; Dean v. Ellis, 108 Mich. 240, 65 N. W. 971.

[5] The requisites of a novation are (1) a valid prior obligation to be displaced, (2) the consent of all the parties to the substitution, (3) a sufficient consideration, (4) the extinction of the old obligation, and (5) the creation of a valid new one. Piehl v. Piehl, 138 Mich. 515, 101 N. W. 628; Clark v. Billings, 59 Ind. 508, 509.

[6] To constitute a novation in the true sense, the petitioner's judgment must be considered and treated as a contract, but to do so is to run counter to the decided preponderance of authorities. 23 Cyc. 673, 674; Black on Judgments, §§ 7–11; 17 Am. & Eng. Ency. Law, 763, 764. In Wattles v. Wayne Circuit Judge, 117 Mich. 662, 665, 76 N. W. 115, 116 (72 Am. St. Rep. 590), it was said that "judgments are invariably classified with contracts with reference to remedies upon them"; but the petitioner is not seeking a remedy on his judgment. The law implies a promise on the part of a judgment debtor to pay a judgment that has been recovered against him, but a judgment differs from a contract in that it lacks the mutual assent of the parties, which is essential to a valid contract, and is usually against the will of the debtor. 17 Am. & Eng. Ency. Law, 764; Evans-Snider-Buhl v. McFadden, 105 Fed. 293, 299, 44 C. C. A. 494, 58 L. R. A. 900. The petitioner, therefore, insists that his garnishee judgment resulted in a novation, not by virtue of the consent of himself, the bank, and the principal defendant, but by operation of the law of Michigan, as declared in Neely v. Rood and the statutes on garnishment. The fallacy of this claim is exposed by the provisions of section 10,635, Comp. L. Mich., and the logical results following therefrom. That section is as follows:

"The judgment against any person, as a garnishee, shall acquit and discharge such garnishee * * * from all demands by the principal defendant * * * for all such money or property, as aforesaid, paid or delivered by the garnishee by force of such payment (judgment); and if any garnishee shall be sued therefor or for anything done by virtue of the provisions of this chapter, he may, under the general issue, give the special matter in evidence."

Without entering at length into a consideration of all the reasons that may be assigned for the conclusion reached, suffice it to say that under the state law it is not the rendition of the garnishee judgment that extinguishes the old debt—the debt of the principal defendant—

and absolutely absolves the garnishee from liability to him to the extent of the judgment, but the payment of the judgment by the garnishee defendant. If payment is not made by him, the old debt still subsists as an enforceable claim. The principal defendant remains liable and execution may issue against him for any part of the judgment not recovered from the garnishee. The principal debtor has also the legal right, at any time prior to payment by the garnishee, to satisfy his debt, and, should he do so, he may be restored to his entire claim against his original debtor, the garnishee, and may proceed to collect as if the judgment had not intervened. He may sue the garnishee for the sum due him, notwithstanding the garnishment proceedings. The garnishee, if judgment has not been rendered against him, may plead the pendency of such proceedings in abatement of the suit, but if judgment be obtained against him by the attaching creditor at any time before judgment in the principal defendant's suit is rendered, the garnishee may plead such judgment as an absolute bar to such defendant's action. Grosslight v. Crisup, 58 Mich. 531, 25 N. W. 505. If, however, the judgment against the garnishee be thereafter satisfied by the principal defendant or in his behalf, thereby lifting the charge or lien on the funds in the garnishee's hands and restoring the control of the same to him, his plea in bar does not avail, and a recovery may be had against him. Harris v. Chamberlain, 126 Mich. 280, 85 N. W. 728. The judgment creditor may at the time of bringing his original suit or thereafter, if it be deemed advisable, cause a series of writs of garnishment to issue against different creditors of the principal defendant and may have different judgments in his favor, although he can have but one satisfaction of his debt. As the petitioner's judgment against the bank did not exonerate the Fleming Company from liability to him, and could not do so until paid by the bank, it did not operate as a novation. 29 Cyc. 1134.

If judgment against the garnishee operates as a satisfaction of the debt against the principal defendant and compels the creditor to look to the garnishee alone for payment, the garnishment law would often prove a snare to entrap the creditor. Should the garnishee fail, the creditor would go empty-handed, although the principal defendant might be abundantly able to pay. A creditor could not safely take judgment against a garnishee of doubtful financial responsibility, if the mere rendition of a garnishment judgment discharges, pro tanto, the principal debt.

[7] The objection that, by reason of the alleged adverse nature of the claim made by petitioner, the District Court had no jurisdiction to entertain summary proceedings, by way of injunction, cannot be sustained. It follows, from what has been said in the opinion, that the petitioner was not in adverse possession, actual or constructive, of the fund in question. The proceeding in the District Court was a controversy between the trustee in bankruptcy and the petitioner, as to which was entitled to receive payment from the garnishee defendant of the indebtedness primarily owing to the bankrupt's estate. The rights of a garnishing creditor can be no greater than those of an attaching creditor, and as the rights of the latter are voided by a bank-

ruptcy proceeding, the same must be true of those of the former. The title to the indebtedness of the bank was in the trustee (Acme. Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 Sup. Ct. 96, 56 L. Ed. ——, decided by the Supreme Court December 18, 1911), and we think for the purposes of this suit the debt should be regarded as constructively in his possession, and that the District Court had jurisdiction to proceed summarily to determine the rights of the parties.

There is no error in the record, and the court below is affirmed.