[No. 21635. Department One. March 18, 1929.]

D. R. HOPPE, *as Trustee, Respondent*, v. JOHNSON MANUFACTURING COMPANY, *Appellant*.[1]

*Carl J. Smith*, for appellant.
*Newman H. Clark*, for respondent.

BEALS, J.—Plaintiff, as trustee in bankruptcy of Jones-Best Pump Manufacturing Company (hereinafter referred to as Jones-Best Co.), brought this suit against Johnson Manufacturing Company (hereinafter referred to as Johnson Co. or the appellant) for the purpose of recovering judgment for $415.80 with interest, being the amount of an alleged preference secured by the Johnson Co. under the following circumstances:

November 23, 1926, the Johnson Co. sued Jones-Best Co. for approximately $7,500 alleged to be due

[1]Reported in 275 Pac. 567.

upon an express contract for the payment of money, and, at the time of instituting the action, sued out a writ of garnishment against the Dexter-Horton National Bank, which answered, admitting an indebtedness to the Jones-Best Co. in the sum of $415.80, which sum the garnishee paid into court to abide the result of the main action. The Jones-Best Co. answered, denying any liability to the Johnson Co., but the trial of the action resulted in a judgment in favor of the Johnson Co. for over $7,500. Thereupon (March 10, 1927) the Johnson Co., plaintiff in that action and defendant in this, withdrew from the registry of the court and applied on its judgment, the $415.80 which the garnishee had theretofore paid into court under the writ of garnishment served on it when the action was instituted. In its complaint against the Jones-Best Co., the Johnson Co. alleged that the Jones-Best Co. was insolvent, and that it had disposed of its property in order to defraud its creditors, and asked that a receiver be appointed to conserve its assets.

March 17, 1927, Jones-Best Co. was adjudged bankrupt upon its own admission, in response to an involuntary petition in bankruptcy filed against it. Plaintiff, D. R. Hoppe, was regularly elected trustee of the bankrupt, and published notice to its creditors to present their claims. In response to this notice, defendant Johnson Co. presented its claim, being the amount of its judgment less the $415.80 received under the writ of garnishment above referred to, to which claim plaintiff, as trustee, filed objections. On October 10, 1927, the referee in bankruptcy made an order holding that the receipt of the $415.80 by defendant constituted a voidable preference, and disallowed the claim of the Johnson Co., unless the amount of this preference was surrendered to the trustee. On January 10, 1928, plaintiff, as trustee, instituted this action for

the purpose of recovering judgment for the amount alleged to have been received by defendant as an unlawful preference. Within the time limited by law, though on what date does not appear, the Johnson Co. filed in the United States district court a petition for a writ of review, asking that the decision of the trustee in bankruptcy, adjudging that the defendant, Johnson Co., had received an unlawful preference, be reviewed. At no time, did defendant ask that this action be stayed until the hearing on its writ of review in the United States district court. The defendant, Johnson Co., demurred to plaintiff's complaint, and, upon its demurrer being overruled, filed its answer. Before this action came on for trial, the United States district court entered its order, confirming the order of the trustee in bankruptcy, adjudging that defendant had received an unlawful preference. The defendant never complied with the order of the referee in bankruptcy to the effect that it should pay to the trustee in bankruptcy the $415.80 which it had received, under penalty of having the balance of its claim disallowed in case such payment be not made.

This action came on regularly for trial before the court, sitting without a jury, upon an agreed statement of facts, from which statement of facts the trial court concluded that plaintiff was entitled to judgment in accordance with the prayer of his complaint, and accordingly entered judgment against the Johnson Co. for the sum of $415.80 with interest, from which judgment defendant appeals.

Appellant assigns as error the overruling of its demurrer to plaintiff's complaint, the denial of its motion, urged upon the trial, to dismiss the action, and the rendition of judgment against appellant. In the first place, appellant contends that this action was prematurely commenced, for the reason that, at the

time of the institution thereof, there was, appellant claims, pending and undetermined in the United States district court appellant's petition, above referred to, for a review of the decision of the referee in bankruptcy. In regard to this point, respondent admits that, at the time this action was instituted, January 10, 1928, the time within which appellant could apply to the United States district court for a review of the referee's order had not expired, but asserts that no petition for review had, as yet, been filed by appellant. The agreed statement of facts recites that the appellant in this action petitioned for a writ of review of the order of the referee in bankruptcy, and that, upon the petition, the referee certified the facts, together with the files, to the district court; that, on argument, that court affirmed the ruling of the referee, and on April 24, 1928, returned the files to the referee. The statement of facts does not show the date of the filing of the petition for review, but does state

". . . that the referee of said bankruptcy court has entered an order duly authorizing the trustee to bring and prosecute this action".

The statement of facts refers to a copy of the petition for review, attached to appellant's answer in this action, as a true copy of such petition. This petition is not dated, nor does the copy thereof referred to bear the file marks of the clerk of the United States district court or of the referee in bankruptcy, indicating the date of the filing thereof. In the absence of an affirmative showing that the proceeding for a review of the order in bankruptcy had been instituted prior to January 10, 1928, the date of the commencement of this action, we can only conclude from the statement in the agreed statement of facts that the referee in bankruptcy had authorized the bringing of this suit, that the review proceeding had not then been instituted

and that the bringing of this action was in all respects proper and in accord with sound practice. In its answer, appellant simply alleged that, in due time after the entry of the order by the referee in bankruptcy, appellant filed its petition for a review, attached a copy thereof to its answer, as above stated, and alleged that the review proceedings were undetermined at the time of the verification of the answer. In its reply, respondent admitted the filing of the petition for review, and alleged that a hearing had been had thereon and that the order entered by the referee had been affirmed.

If the petition for review was filed after the institution of this action, the filing thereof would constitute nothing more than the basis for an application for a stay of proceedings in this cause until final disposition of the review. As that proceeding was disposed of prior to the trial of this cause, we find nothing in the record which warrants the assumption that the petition for review was pending at the time of the institution of this action, and the fact that the referee in bankruptcy authorized the trustee to bring suit against appellant, warrants us in holding that there is no basis for appellant's argument that this action was prematurely commenced.

As to whether or not the judgment should be reversed if the record showed affirmatively that appellant had perfected a proceeding for review prior to the commencement of this action, we express no opinion.

Appellant next contends that, because, in the suit which it brought against the Jones-Best Co., that company strenuously denied any liability on its part to appellant, the judgment in appellant's favor rendered in that action was not such a judgment against the bankrupt as can be made the basis of an action by

the trustee to recover anything collected on account of such judgment, as the result of a garnishment, as a preference. It appears from the complaint filed by appellant against the Jones-Best Co. that appellant alleged the latter company to be then insolvent, and in our opinion, under the circumstances disclosed by this record, a lien obtained by a creditor by attachment or garnishment, comes within the provisions of § 67f of the Bankruptcy Act (U. S. Code, Title 11 § 107f), which reads as follows:

"That all levies, judgments, attachments, or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt . . . And the court may order such conveyance as shall be necessary to carry the purpose of this section into effect. . . ."

Appellant instituted its action against the Jones-Best Co. November 23, 1926, and the latter company was adjudged a bankrupt March 17, 1927, less than four months after the commencement of the action and the impounding of the money in question under the writ of garnishment. Under this state of facts, the money realized by appellant under the writ of garnishment constitutes an unlawful preference, and the judgment of the lower court in favor of respondent is right. *In re Fleming Co.*, 194 Fed. 658; *Smith v. Gaskill*, 272 S. W. (Mo. App.) 1087; *Golden Hill Distilling Co. v. Logue*, 243 Fed. 342.

Judgment affirmed.

MITCHELL, C. J., FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.