JACKSON REINFORCED CONCRETE PIPE CO. *v.* CENTRAL
CONTRACTING & ENGINEERING CO.

1. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS—GARNISHMENT.

Affidavit of merits showing that defendant had been garnisheed in independent action brought against plaintiff was insufficient to prevent entry of summary judgment under 3 Comp. Laws 1915, § 12581, and Circuit Court Rule No. 34, as amended.

2. SAME—DOUBLE LIABILITY.

Entry of summary judgment against defendant after it had been garnisheed in independent action against plaintiff would not subject defendant to double liability, since it could apply for stay of execution and thus protect its rights.

3. SAME—SUMMARY JUDGMENT—GOOD FAITH AND MERITS OF DEFENSE IS TEST.

Statutory test in determining whether motion for summary judgment should be denied is good faith and merits of defense as disclosed by showing made.

Error to Macomb; Reid (Neil), J. Submitted October 10, 1930. (Docket No. 68, Calendar No. 35,095.) Decided January 7, 1931.

Assumpsit by the Jackson Reinforced Concrete Pipe Company, a Michigan corporation, against the Central Contracting & Engineering Company, a Michigan corporation, and the Metropolitan Casualty Insurance Company of New York, statutory guarantor, for building materials. Summary judgment for plaintiff. Defendant insurance company brings error. Affirmed.

*George A. Henigan,* for plaintiff.

*John Hal Engel* (*Edmund E. Shepherd,* of counsel), for defendant.

NORTH, J. Plaintiff, having furnished the Central Contracting & Engineering Company with building materials and not having been paid therefor, brought suit for the purchase price. The Metropolitan Casualty Insurance Company was the statutory guarantor of the engineering company in performing a public work (3 Comp. Laws 1915, § 14827 *et seq.* [3 Comp. Laws 1929, § 13132 *et seq.*]). A plea of general issue with notice was filed. Plaintiff filed a motion for summary judgment. This motion was granted April 26, 1930, and judgment was taken for $3,461.64. The day before judgment was entered appellant filed the following affidavit in opposition to plaintiff's motion:

"STATE OF MICHIGAN,
"County of Wayne — ss.
"John Wirt Wilmer of the city of Detroit, Wayne county, Michigan, being first duly sworn, deposes and says that he is the representative of the Metropolitan Casualty Insurance Company of New York, a corporation, defendant in the above entitled cause, located at the city of Detroit, Wayne county, Michigan.
"That he has been served by a writ of garnishment of which the attached is a true copy, said service having been made upon the undersigned on the 25th day of April, A. D. 1930, at Detroit, Wayne county, Michigan.
"Further deponent sayeth not.
    (Sg'd): "JOHN WIRT WILMER."

Appellant's motion to set aside the judgment was denied. The insurance company as appellant by assignments of error has raised the question of the trial court's right to enter the summary judgment in view of its showing in opposition thereto. From the showing made by the appellant in the circuit

court it appears that the McGregor & Reading Company had brought suit against the plaintiff herein and had served a garnishee summons upon appellant.  The garnishee defendant's liability, if any, arose out of the same transaction involved in the instant case.  The question thus presented is the right of a court to enter summary judgment against a defendant who has been garnisheed in an independent suit brought against the plaintiff in the case first instituted.  In contending that the court under such circumstances should not enter a summary judgment, appellant relies upon *Grosslight* v. *Crisup,* 58 Mich. 531, and *Burt* v. *Wayne Circuit Judge,* 82 Mich. 251.

"An affidavit of merits filed by defendant to prevent entry of summary judgment under 3 Comp. Laws 1915, §§ 12581, 12582, to comply with Circuit Court Rule No. 34, as amended, must set forth the relevant facts upon which the defense is based, so that the court can determine whether there is a real defense to the action, and, where no facts are stated from which the court can make such determination, there is no error in entering summary judgment."  *Warren Webster & Co.* v. *Pelavin,* 241 Mich. 19 (syllabus).

It is too clear for argument that the showing made in opposition to plaintiff's application for a summary judgment did not comply with the statutory requirement or the provision of the rule (3 Comp. Laws 1915, § 12581 [3 Comp. Laws 1929, § 14260]; and Circuit Court Rule No. 34, as amended).  Appellant cannot be held liable in the garnishment proceeding unless it is liable to plaintiff in the instant case.  The showing made in opposition to the motion for summary judgment amounts to a con-

fession of liability rather than a showing that it "has a defense to the action upon the merits."

Appellant asserts that the ruling of the trial court may subject it to double liability, since it may be compelled to pay both plaintiff's judgment in the instant case and also a judgment rendered against it as garnishee defendant in the second case. But as against this possible contingency, it is obvious that if there is occasion for so doing appellant may apply to the court for a stay of execution against it, and by so doing fully protect its rights. Such practice would not prevent plaintiff from obtaining a summary judgment and execution against the Central Contracting & Engineering Company to which it is clearly entitled. The *Grosslight Case* and the *Burt Case, supra,* cited by appellant, were decided over 40 years ago under very different rules of pleading and practice than now prevail, and before the advent of summary judgments. A further distinction is that in those cases the garnishment proceeding was against the sole defendant; but here we have two defendants, only one of which is a party to the garnishment. Instead of a motion to vacate the judgment, which was properly denied, appellant should have moved for a stay of execution as to itself. This motion the trial court would have granted or denied, depending on the good faith and merits as disclosed by the showing made, which is the statutory test in summary judgment proceedings. See 3 Comp. Laws 1915, § 12582 (3 Comp. Laws 1929, § 14261).

The judgment entered in the lower court is affirmed, with costs to appellee.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.