CROSS *v.* HICKEY.

1. SET-OFF AND RECOUPMENT—DAMAGES FROM SLANDER MAY NOT BE SET OFF IN ACTION OF ASSUMPSIT—JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS.

Damages resulting from slander may not be set off in defense of action of assumpsit, and therefore affidavit of merits containing allegations of plaintiff's slander of defendant with resulting damage is insufficient to prevent entry of summary judgment in action for rent due under lease.

2. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT OF MERITS—GARNISHMENT.

In action for rent due under lease, affidavit of merits showing that defendant had been garnisheed for rent due plaintiff is insufficient to prevent entry of summary judgment.

3. SET-OFF AND RECOUPMENT—DEMAND ARISING FROM JUDGMENTS—
EXECUTION.
   While demand arising from judgments for costs may be set off
   by defendant in action of assumpsit, it is not necessary to
   establish defendant's right of set-off, since defendant could
   issue execution on these judgments (3 Comp. Laws 1929,
   § 14132).

4. EXECUTION—SET-OFF AND RECOUPMENT.
   Executions between same parties may be set off against each
   other by the sheriff (3 Comp. Laws 1929, § 14550).

Error to Wayne; Campbell (Allan), J. Submitted April 9, 1931. (Docket No. 34, Calendar No. 35,466.) Decided June 1, 1931. Rehearing denied September 10, 1931.

Assumpsit by Merrill F. Cross against H. Starkey Hickey for rent due under a lease. Summary judgment for plaintiff. Defendant brings error. Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Ralph E. Routier,* for defendant.

POTTER, J. Plaintiff sued defendant in assumpsit to recover unpaid rent due under a lease of premises in Detroit. Defendant appeared, pleaded the general issue, and gave notice of the special defenses of novation, set-off and recoupment. Plaintiff had summary judgment. On defendant's motion this judgment was set aside, whereupon plaintiff again had summary judgment. Defendant brings error, claiming his affidavit of merits was sufficient to entitle him to a trial; that no evidence was introduced entitling plaintiff to summary judgment; that the court should have allowed defendant's claims of set-off and recoupment. Defendant's affidavit of

merits sets forth the facts tending to show a novation, but this seems to have been adjudicated in a prior suit between the same parties from the judgment in which suit no appeal was taken. Defendant's affidavit of merits contains allegations of plaintiff's slander of defendant, damages resulting from which are sought to be set off, but damages resulting from slander cannot be set off in defense of an action of assumpsit. 3 Comp. Laws 1929, § 14132. Defendant claimed he had been garnisheed for the rent due plaintiff. This defense, it has been held, cannot be raised. *Jackson Reinforced Concrete Pipe Co. v. Central Contracting & Engineering Co.*, 253 Mich. 157. Defendant had judgments for costs against plaintiff which he sought to set off. While this was permissible (3 Comp. Laws 1929, § 14132), it was not necessary to establish defendant's right of set-off. Defendant could issue execution on these judgments. Executions between the same parties may be set off against each other by the sheriff. 3 Comp. Laws 1929, § 14550. No other questions need discussion. Judgment affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.