WATTLES *v.* WAYNE CIRCUIT JUDGE

1. GARNISHMENT—ACTION ON JUDGMENT.

An action on a foreign judgment is an action upon contract, within the meaning of 3 How. Stat. § 8058, providing that a writ of garnishment may issue in all personal actions arising upon contract, express or implied.

2. SAME—AFFIDAVIT—AMENDMENT.

An affidavit for garnishment may be amended to correct a clerical error in its date.

3. SAME.

Nothing can be reached in the hands of a garnishee which had its origin in transactions subsequent to the issuing of the writ of garnishment.

*Mandamus* by Greenleaf C. Wattles and Oliver H. Wattles to compel Willard M. Lillibridge, circuit judge of Wayne county, to quash a writ of garnishment. Submitted June 7, 1898. Writ denied July 18, 1898.

*J. A. McLennan,* for relators.

*Griffin, Clark & Russell* (*L. T. Griffin,* of counsel), for respondent.

LONG, J. May 27, 1897, Levi T. Griffin commenced suit in the Wayne circuit court against Greenleaf C. Wattles by summons issued out of said court. This summons was personally served on Wattles, within the county of Wayne, on June 3d thereafter. On the last-named day, Griffin filed in said court an affidavit for a writ of garnishment in said cause, to be directed to Oliver H. Wattles. This affidavit states that the summons had been personally served on the principal defendant, in an action " to recover upon a judgment heretofore recovered on the 21st day of February, 1891, for the sum of $3,702.60, in the supreme court of the State of New York, * * * which is a

court of civil and general jurisdiction, a transcript of which said judgment, duly authenticated, deponent has filed in said circuit court for the county of Wayne." The affidavit then sets out that the garnishee defendant, Oliver H. Wattles, residing in Lapeer county, has property, etc., in his hands or under his custody or control belonging to the defendant Greenleaf C. Wattles; that Oliver H. Wattles is indebted to said Greenleaf C. Wattles; that there remains due and unpaid on said judgment $3,702.60, with interest; and that said Greenleaf C. Wattles is justly indebted to the said Griffin in the sum of $5,100.22.    Writ of garnishment was issued, and personally served on the garnishee defendant, who caused his appearance to be entered in said cause by J. A. McLennan. On June 19th, the garnishee defendant, by said McLennan, filed his disclosure in said cause, denying all liability.    This disclosure was served on Griffin's attorneys, who filed a demand for an examination of the garnishee on oath, and served notice requiring him to appear before a circuit court commissioner of Wayne county on July 22, 1897, which notice was also duly personally served on Oliver H. Wattles.

The principal defendant appeared by his attorneys, Messrs. Moore & Goff.    Declaration was duly filed in the cause, declaring on the judgment so rendered in the State of New York.    The principal cause was tried on its merits, and verdict and judgment entered in favor of Griffin for $5,216.98 on December 17, 1897.    Execution was issued on said judgment, and returned unsatisfied.

In April, 1898, the attorney for the garnishee defendant made a motion in the cause in the Wayne circuit court to dismiss the garnishee proceedings, to quash the writ of garnishment, and discharge the garnishee defendant for the reasons (1) that the court had no jurisdiction to issue the writ of garnishment, and had no jurisdiction over the garnishee defendant; (2) that a former suit is pending in the county of Lapeer.    This motion was denied by respondent.    *Mandamus* is now asked to compel the re-

spondent to set aside said order, and enter an order quashing said writ of garnishment. An order to show cause having been made in this court, the respondent has made his return thereto, as follows: That the suit was commenced by summons; that the declaration was upon a New York judgment; that this declaration was afterwards amended by adding the common counts in *assumpsit*.

It is the claim of counsel for the garnishee defendant that the statute does not authorize the issuing out of a writ of garnishment in the present case, as the action does not arise upon contract, but is upon a foreign judgment. Act No. 73, Pub. Acts 1889 (3 How. Stat. § 8058), provides that—

"In all personal actions arising upon contract, express or implied, brought in the several courts or municipal courts of civil jurisdiction, whether commenced by declaration, writs of *capias*, summons, or attachment, and in all cases where there remains any sum unpaid upon any judgment or decree rendered in any of the several courts hereinbefore mentioned, *or upon any transcript of a judgment filed in said courts*, if the plaintiff, his agent or attorney, shall file with the clerk of said circuit court * * * an affidavit, * * * a writ of garnishment shall be issued. * * *"

But counsel for the garnishee contends that this clause refers solely to justices' judgments, and not to foreign judgments. Whether this statute must be so construed we need not now determine, as we are of the opinion that an action brought upon a foreign judgment is an action upon contract, within the meaning of this statute. It is said by Story, in his work on Contracts (section 2), that contracts are divided into three classes:

"1. Contracts of record, such as judgments, recognizances, and statutes staple.

"2. Specialties, which are contracts under seal, such as deeds and bonds.

"3. Simple contracts, or contracts by parol."

We are aware that in several cases it has been held,

under the peculiar facts of the case, that the word "contract" does not include a judgment; but it is apparent from the cases that judgments are invariably classified with contracts with reference to remedies upon them. In *Meyer* v. *Brooks*, 29 Or. 203 (54 Am. St. Rep. 790), the question arose under the statute in reference to the remedy by attachment; and it was held that a judgment for money creates a legal obligation on the part of defendant for its payment, and an action on such judgment is one upon a contract, express or implied, within the meaning of the statute authorizing attachment in such actions. This same rule of construction was also laid down in *Gutta-Percha & Rubber Manfg. Co.* v. *City of Houston*, 108 N. Y. 276 (2 Am. St. Rep. 412); *Childs* v. *Harris Manfg. Co.*, 68 Wis. 231; *First Nat. Bank* v. *Van Vooris*, 6 S. Dak. 548.

It is next contended that the court had no jurisdiction, because the affidavit for the writ of garnishment was dated June 3, 1895. It was made to appear that this was a clerical error; that the affidavit was in fact sworn to on June 3, 1897; and the date of the year was permitted to be amended. The record itself showed that it was a clerical error, and it was properly amended. *Emerson* v. *Steel & Spring Co.*, 100 Mich. 127.

The point made that there is a former suit pending in the Lapeer circuit court has no force. Nothing could be reached in the hands of the garnishee which had its origin in transactions subsequent to the issuing of the writ of garnishment.

The writ of *mandamus* must be denied, with costs against relators.

GRANT, C. J., MONTGOMERY and HOOKER, JJ., concurred. MOORE, J., did not sit.