**HOLMAN v. CLARK (Crescent Gravel Co. et al., Garnishees).**

No. 649.

District Court, E. D. Michigan, N. D.
March 19, 1931.

R. B. Savidge, of Reed City, Mich., for plaintiff.

Beach & Beach, of Saginaw, Mich., for defendant and garnishees.

TUTTLE, District Judge.

This is a garnishment proceeding in connection with an action in assumpsit brought in this court by the plaintiff, Philip A. Holman, as receiver for Reed City National Bank, an insolvent national bank, to recover from the principal defendant, Oliver W. Clark, as a stockholder in such bank, the amount of an assessment levied against him by the Comptroller of the Currency, pursuant to the applicable federal statutes. At the time of commencing this action, on July 31, 1930, and as an incident thereof, the plaintiff instituted herein this garnishment proceeding against Crescent Gravel Company and American State Bank, Michigan corporations, as garnishee defendants, in claimed conformity with the Michigan garnishment statutes. Section 13122 et seq., Michigan Compiled Laws of 1915.

Aside from certain questions concerning the liability, on the merits, of the garnishee defendants to the plaintiff, there is presented the preliminary question as to whether the Michigan statutory provision on which the plaintiff bases his right to maintain this garnishment proceeding sufficiently supports such claimed right. Specifically, this involves the narrow question as to whether this action to recover the statutory liability of a stockholder in a national bank is an action "arising upon contract," within the meaning of the Michigan garnishment statute invoked by the plaintiff as a basis for this garnishment proceeding.

Section 13122 of the Michigan Compiled Laws of 1915, as amended by Act No. 305 of the Michigan Public Acts of 1925, provides that "in all personal actions arising upon contract," if the plaintiff or his agent or attorney shall file with the clerk of the court in which such action is commenced an affidavit showing that any person is indebted (with certain exceptions not material here) to the defendant therein and that such defendant is indebted to the plaintiff "on such contract," in a given amount, and that the plaintiff is apprehensive of the loss of such amount unless a writ of garnishment issue against such person, such writ shall be so issued directed to such person, as garnishee defendant. Such statute further provides that from the time of the service of such writ such garnishee defendant shall be liable to the plaintiff to the amount of any debt due from him to the principal defendant. These statutes contain other provisions which have no materiality here and which need not be mentioned.

Pursuant to this statute, and as a basis for the garnishment proceeding here involved, the plaintiff filed herein an affidavit by his attorney, reciting that this cause was "a personal action arising upon contract"; that the said garnishee defendants were indebted to the principal defendant herein; that the principal defendant was indebted to the plaintiff, "upon said contract," in a specified sum; and that the affiant was apprehensive of the loss of the debt so due from the principal defendant to the plaintiff unless writs of garnishment issue to the garnishee

defendants. Thereupon writs of garnishment were so issued, followed by certain proceedings which need not be here described. The garnishee defendants now urge that these garnishment proceedings should be dismissed, on the ground already stated.

The right of the plaintiff to recover from the principal defendant herein arises solely from the federal statutory provisions governing national banks. Section 64 of title 12 of the United States Code (12 USCA § 64) provides that "the stockholders of every national banking association shall be held individually responsible for all contracts, debts, and engagements of such association, each to the amount of his stock therein, at the par value thereof in addition to the amount invested in such stock." Section 192 of the same title provides that, on becoming satisfied that any national banking association is insolvent and in default in its obligations, the Comptroller of the Currency may appoint a receiver, and that such receiver "may, if necessary to pay the debts of such association, enforce the individual liability of the stockholders." The record herein satisfactorily shows that the necessary action has been taken by the Comptroller of the Currency to enforce this liability of the defendant in this action.

I am satisfied that the question here involved has been decided adversely to the contention of the present plaintiff by the United States Supreme Court in the case of McClaine v. Rankin, 197 U. S. 154, 25 S. Ct. 410, 412, 49 L. Ed. 702, 3 Ann. Cas. 500. That case involved an action by a receiver of a national bank to enforce the liability of a stockholder thereof under the federal statute involved here. The question there presented was whether such an action was an action upon a contract within the meaning of a certain state statute of limitations applicable to such an action. In holding that the action was brought for the enforcement of a purely statutory liability and was not an action to recover upon a contract, and so was not subject to the state statute relating to actions upon contract, the Supreme Court said:

"The question must be met whether this is an action brought on a contract or not. But it is an action to recover on an assessment levied by the Comptroller of the Currency by virtue of the act of Congress, and although the shareholder, in taking his shares, subjected himself to the liability prescribed by the statute, the question still remains whether that liability constituted a contract within the meaning of the statute of limitations of the state of Washington.

"Some statutes imposing individual liability are merely in affirmation of the common law, while others impose an individual liability other than that at common law. If § 5151 had provided that subscribing to stock or taking shares of stock amounted to a promise directly to every creditor, then that liability would have been a liability by contract. But the words of § 5151 do not mean that the stockholder promises the creditor, as surety for the debts of the corporation, but merely impose a liability on him as secondary to those debts, which debts remain distinct, and to which the stockholder is not a party. The liability is a consequence of the breach by the corporation of its contract to pay, and is collateral and statutory. * * *

"It is true that in particular cases the liability has been held to be, in its nature, contractual, yet, it is nevertheless conditional, and enforceable only according to the Federal statute, independent of which the cause of action does not exist. * * *

"But here the right to sue did not obtain until the Comptroller of the Currency had acted, and his order was the basis of the suit. The statute of limitations did not commence to run until assessment made, and then it ran as against an action to enforce the statutory liability, and not an action for breach of contract."

Section 5151 of the United States Revised Statutes to which the court there referred is now sections 63, 64 of title 12 of the United States Code (12 USCA §§ 63, 64), already hereinbefore quoted. That decision has not been overruled or modified, either expressly or by inference, and is therefore clearly binding upon this court and decisive of the question now under consideration.

■ Plaintiff cites the case of Wattles v. Wayne Circuit Judge, 117 Mich. 662, 76 N. W. 115, 72 Am. St. Rep. 590, holding that a foreign judgment is a contract of record, and that therefore an action upon such a judgment is an action upon a contract within the meaning of the Michigan garnishment statute; and counsel contends that such decision is here applicable and, being a decision of a state Supreme Court construing a statute of such state, should be followed by this court. As, however, the question as to the nature and effect of the federal statutes on which the rights of the parties to this action depend is a federal question, it is obvious that under familiar rules of federal law this court is

bound to follow applicable decisions of the United States Supreme Court rather than opposing decisions of any state court. It is therefore unnecessary to determine whether the action of the Comptroller of the Currency or of the plaintiff receiver constitutes, or is equivalent or analogous to, a foreign judgment within the meaning of the Michigan Supreme Court decision just cited.

■ For the reasons stated, I reach the conclusion that the present action is not an action "arising upon contract," within the meaning of the Michigan garnishment statute. As, therefore, the right of the plaintiff to maintain these garnishment proceedings is and must be based solely upon the claim that this is an action upon a contract, these garnishment proceedings are without any proper legal basis, and must be dismissed on that ground.

A judgment will be entered accordingly.